UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASEY DICKERSON,

    Petitioner,

v.                                             CASE NO. 6:15-cv-178-Orl-37KRS
                                                      (6:12-cr-228-Orl-37KRS)

UNITED STATES OF AMERICA,

    Respondent.

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed, through counsel, by Casey Dickerson. The Government filed a response (Doc. 4) to the motion. Petitioner filed a reply to the response (Doc. 6).

Petitioner asserts three grounds for relief. For the following reasons, grounds two and three are denied and an evidentiary hearing is ordered as to ground one.

**I.    P<small>ROCEDURAL</small> H<small>ISTORY</small>**

Petitioner was charged by indictment with aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 2 (Count One) and sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a) and 2 (Count Two). (Criminal Case No. 6:12-cr-228-Orl-37KRS, Doc. 12).[1] Petitioner proceeded to trial, and a jury found him guilty as charged. (Criminal

---

[1] Criminal Case No. 6:12-cr-228-Orl-37KRS will be referred to as "Criminal Case."

Case Doc. 65). The Court sentenced Petitioner to a 240-month term of imprisonment for Count One and to a 120-month term of imprisonment for Count Two with the sentences to run concurrently. (Criminal Case Doc. 79).

Petitioner appealed. The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions. (Criminal Case Doc. 100).

## II. LEGAL STANDARDS

### A. Evidentiary Hearing

Under Section 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

### B. Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled

to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

### III.    ANALYSIS

**A.    Ground One**

Petitioner asserts counsel rendered ineffective assistance by advising him that mistake of age is not a defense to sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) (Count Two).[2]  (Doc. 1 at 12).   Petitioner contends that had he known mistake of age is an affirmative defense, he would not have conceded guilt to Count Two.   (*Id.*).   Petitioner maintains he believed J.B. was older than sixteen at the time of the offenses. (*Id.* at 13).   In support of this contention, Petitioner notes (1) he had never met J.B. prior to the offenses, (2) J.B. was a few months from the age of sixteen at the time of the offenses, (3) Petitioner told an FBI agent shortly after the offenses that D.S., another juvenile who was present prior to the offenses, had told Petitioner he was nineteen or twenty years old, and (4) Petitioner told the FBI agent his cognition was significantly impaired because he was extremely intoxicated.   (*Id.* at 13).

Pursuant to 18 U.S.C. § 2243(c)(1), a defendant may assert as a defense to sexual abuse of a minor that the defendant "reasonably believed that the other person had attained the age of 16 years."   However, the defendant must establish this defense by a preponderance of the evidence.   18 U.S.C. § 2243(c)(1).

Before opening statements, defense counsel advised the Court that Petitioner

---

[2] Petitioner raised this ground on direct appeal.   The Eleventh Circuit chose not to address the issue because the record had not been sufficiently developed.   (Criminal Case Doc. 100 at 8-9).

4

intended to effectively concede guilt to Count Two.  (Criminal Case Doc. 68 at 199). The Court subsequently questioned Petitioner about counsel's intention of conceding guilt to Count Two.  (*Id*. at 200-01).  Petitioner affirmed that he had discussed the matter with counsel and knew that if defense counsel admitted Petitioner had committed the acts described in Count Two, the jury likely would convict him of the offense.  (*Id*. at 200-02).  Thereafter, defense counsel conceded that Petitioner committed the acts alleged in Count Two.

In light of Petitioner's contention that counsel advised him that mistake of age is not a defense to Count Two and the record before the Court, a question of fact exists as to whether counsel rendered ineffective assistance in conceding guilt to Count Two.  An evidentiary hearing is needed to determine whether defense counsel (1) advised Petitioner that mistake of age is not a defense to sexual abuse of a minor in violation of 18 U.S.C. § 2243(a), and (2) made a reasonable strategic decision to concede guilt to Count Two.  Furthermore, evidence regarding whether prejudice resulted from defense counsel's purported deficient performance in advising Petitioner that mistake of age is not a defense shall be presented at the hearing.  Specifically, evidence regarding whether a reasonable probability exists that the outcome of the trial would have been different had Petitioner presented a mistake of age defense shall be developed at the hearing.

**B.     Ground Two**

Petitioner contends counsel rendered ineffective assistance by failing to admit into evidence the written statements of S.F. and E.M.[3]  (Doc. 1 at 16).   Petitioner maintains that S.F. and E.M.'s statements supported his defense to Count One that he did not force J.B. to have sex with him.   (*Id.* at 16-17).   According to Petitioner, S.F. and E.M.'s statements were admissible pursuant to Rule 804(3)(A) of the Federal Rules of Evidence.[4] (*Id*. at 17).

Generally, an out of court statement offered to prove the truth of the matter asserted is inadmissible.   *See* Fed. R. Evid. 801(c); 802.   An exception to this general rule is a statement made by an unavailable declarant that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3)(A)-(B).   Rule 804

> establishes a three-prong test for the admission of statements against interest in criminal cases: (1) the declarant must be unavailable; (2) the

---

[3]   S.F. and E.M. were the two juveniles who engaged in the offenses with Petitioner and who did not testify at trial.

[4]   The Court assumes Petitioner relies on Rule 804(b)(3)(A) because there is no Rule 804(3)(A).

statement must be against the declarant's penal interest; and (3) corroborating circumstances must clearly indicate the trustworthiness of the statement. *United States v. Walker,* 59 F.3d 1196, 1199 (11th Cir. 1995).

*United States v. Thomas*, 62 F.3d 1332, 1337 (11th Cir. 1995). "The question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true,' and this question can only be answered in light of all the surrounding circumstances." *Williamson v. United States*, 512 U.S. 594, 603-04 (1994). "Whether or not a statement is truly against interest depends on a fact-intensive inquiry of the surrounding circumstances." *United States v. Costa*, 31 F.3d 1073, 1077 (11th Cir. 1994) (citing *Williamson*, 512 U.S. at 604). "[T]he most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Williamson*, 512 U.S. at 600-01.

Considering the written statements of E.M. and S.F., the Court concludes that neither statement was against the declarant's interest because they were self-exculpatory and not self-inculpatory. E.M.'s statement provides as follows:

> Around 11 p.m. we went to the lounge to get something to eat [t]hats [sic] when "D" meet [sic] up with Cassidy. They started to talk, [t]hen Cassidy asked us if we wanted to come to his cabin. So then we all went. We were honestly [j]ust trying to have a good time [s]ince it was the last day on the cruise. So when we were on the cruise Cassidy asked [Victim] & the other girl if they wanted to drink. After [Victim] & the other girl had some drinks Cassidy told [T.B.L.] & the other girl to go inside the restroom. As soon as they were in the [r]estroom I saw Cassidy pull down [Victim's]

7

> shorts.  Then [h]e starts to [h]ave sex with [Victim] . . . [w]hile [T.B.L.] & the girl were in the [r]estroom.  As soon as [T.B.L.] & the girl try to get out of the [r]estroom Cassidy tries to put on [Victim's] shorts on [sic].
>
> I was like two meters away from them when they were having sex.  And [a]fter [Victim] was drinking[,] [s]he tried touching me [b]ut I kept pushing her away [b]ecause I know [sic] she was intoxicated.  I [n]otice that the girls were drinking voka [sic].  Cassidy invited us to his cabin.  We [n]ever told Cassidy to [b]uy us drinks.  The only people that were drinking was [sic] [Victim], Cassidy, & the other girl.  I [n]otice when Cassey & [Victim] were having sex she didn't [r]esist.  She [n]ever fought [b]ack while Cassey had sex with her on [t]op of the [b]ed.

(Doc. 1-1 at 1).  Similarly, S.F's statement provides:

> We had left Club O2 and went to food place to hand [sic] out then D saw the older male and they spoke.  We introduced ourselves to him.  Then he said [d]o yall [sic] want to come back to my place.  We were already with the females.  We went to his cabin, first we were all talkin [sic] then D left and the man asked the ladies if they would like something to drink and then went and got the achol [sic] and pored [sic] cups and passed to the females[.]  [N]un [sic] of the guys drank only the two girls and him.  Then he told [T.B.L.] to take one of the girls in the bathroom.  Then he turned the lights out and went for the other girl.  [H]e pulled her pants off.
>
> He pulled her pants off and he started having sex[.]  [H]e told me to watch the door to tell him if they came out of the bathroom.  She didn't fight it or say stop[.]  [S]he kinda [sic] went with it.  The female did not resist[.]  I was two meters away he pulled her pants off.  He then got her on the bed and take [sic] her shirt off.  [H]e kept kissing her on the butt.  Before this I noticed they were drinking vodka.

(Doc. 1-1 at 2).  Petitioner has not explained, nor can the Court discern, what in the statements made by either E.M. or S.F. had so great a tendency to expose them to criminal liability such that they are statements against interest.  Neither S.F. nor E.M. inculpated themselves in the offenses.  If anything, their statements tended to exculpate them from

8

participation in the offenses. Consequently, their statements were not statements against interest and were inadmissible.[5] *See, e.g., Thomas*, 62 F.3d at 1338 (holding that out-of-court statements made by individuals who invoked their Fifth Amendment privilege against self-incrimination at trial were inadmissible because their statements were exculpatory in nature, such that they were not so against the declarants' penal interest that they would not have made the statements unless they believed them to be true). Therefore, counsel was not deficient for failing to seek to admit the statements into evidence nor did prejudice result therefrom. Accordingly, Ground Two is denied pursuant to *Strickland*.

### C. Ground Three

Petitioner contends that the Government possibly failed to disclose the statements of S.F. and E.M. to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[6] To

---

[5] Additionally, E.M. and S.F.'s statements were not supported by corroborating circumstances that clearly indicate the trustworthiness of the statements. J.B. testified that she was raped by Petitioner and two of the juvenile boys present in the cabin. (Criminal Case Doc. 69 at 209-15). E.M. and S.F. omitted their involvement in the offenses in their written statements but later admitted engaging in sexual activity with the victim. (Criminal Case Doc. 89 at 30-33).

[6] Ground three is procedurally barred from review because it should have been raised on direct appeal. "As a general rule, a criminal defendant who fails to object at trial *or* to raise an issue on direct appeal is procedurally barred from raising the claim in a section 2255 motion absent a showing of cause for failing to preserve the claim and actual prejudice from the alleged error." *Orso v. United States*, 452 F. App'x 912, 914 (11th Cir. 2012) (emphasis added). As cause to overcome his procedural default, Petitioner contends that he could not raise this issue on appeal because trial counsel never raised the issue in the district court. (Doc. 6 at 2). However, trial counsel's failure to raise the

prevail on a claim brought pursuant to *Brady*, Petitioner must demonstrate the following:

> (1) the government possessed evidence favorable to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different. *United States v. Vallejo,* 297 F.3d 1154, 1164 (11th Cir. 2002).

*Robles*, 283 F. App'x at 737. "'Failure to meet any one of these elements will defeat a motion for a new trial.'" *Id.* (quoting *United States v. Starrett,* 55 F.3d 1525, 1554 (11th Cir. 1995)).

Petitioner's contention that the Government failed to disclose S.F. and E.M.'s statements is pure conjecture. At a pretrial conference, defense counsel noted that he would not be able to call the juveniles who were involved in the offenses as witnesses and then stated that witnesses had "given statements of their own involvement or lack of involvement in this matter." (Criminal Case Doc. 105 at 5-6). Defense counsel later told the Court that the prosecutor had been "very diligent in giving me everything he has in this case, and I have no complaint about the government's attempt to do that and make everything available that the defense would need to defend its client." (*Id.* at 9).

From defense counsel's pretrial statements, it is clear counsel knew about the

---

issue did not preclude appellate counsel from raising the issue. *See, e.g., United States v. Robles*, 283 F. App'x 726, 737 (11th Cir. 2008) ("Where, as here, a defendant fails to raise a *Brady* claim at trial, we review for plain error."). Moreover, as discussed hereinafter, Petitioner cannot demonstrate actual prejudice to excuse his procedural default.

statements made by S.F. and E.M. and had encountered no problem in obtaining discovery from the Government. This conclusion is buttressed by defense counsel's failure to object to the admission of S.F. and E.M.'s statements at sentencing on the basis that the statements had not been disclosed to the defense. Defense counsel in fact objected to the Court's consideration of the statements on the basis that S.F. and E.M. did not testify at trial and were unavailable for cross-examination. (Criminal Case Doc. 89 at 24). It is inconceivable that a seasoned criminal defense attorney, such as defense counsel, would have failed to object to the admission of these statements based on *Brady* had they not been disclosed to the defense. Consequently, Petitioner has not established that he did not possess S.F. and E.M.'s statements and could not have obtained the statements with any reasonable diligence or that the Government suppressed the statements.

Moreover, even assuming the statements were not disclosed to the defense, there is no reasonable probability that the outcome of the trial would have been different had they been disclosed. As discussed *supra*, E.M. and S.F.'s statements were not admissible at trial. In addition, as noted by the Eleventh Circuit on direct appeal, there is no controlling legal authority that "§ 2241(a) requires an element of *physical* force." *United States v. Dickerson*, 567 F. App'x 754, 756 (11th Cir. 2014) (emphasis in original). Therefore, in light of the evidence presented at trial, it is highly improbable that E.M. and S.F.'s statements would have resulted in Petitioner's acquittal of Count One. This is

particularly true given that the Government would have been permitted to impeach the credibility of E.M. and S.F. with their subsequent statements to law enforcement pursuant to Rule 806 of the Federal Rules of Evidence had their written statements been admitted. *See, e.g., United States v. Wuagneux,* 683 F.2d 1343, 1357 (11th Cir. 1982) (holding that testimony of government agent regarding statements made by an unavailable witness "was plainly admissible, as an inconsistent statement of a declarant, to impeach [the declarant's] credibility" after the unavailable declarant's statement against interest was admitted under Rule 804(b)(3)). For all of these reasons, Petitioner has not established three of the four elements to warrant relief under *Brady*, and Ground Three is procedurally barred and otherwise denied on the merits.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Accordingly, it is hereby **ORDERED**:

1. Grounds two and three of the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Casey Dickerson are **DENIED**.

2. The Court will hold an evidentiary hearing on ground one, that trial counsel rendered ineffective assistance by advising Petitioner that mistake of age is not a defense to sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The hearing is scheduled

for **September 13**, 2016 at 9:00 a.m., at U.S. Courthouse, 401 West Central Blvd., Courtroom 4A, Orlando, Florida 32801.

     3.     United States Magistrate Karla R. Spaulding is directed to appoint counsel on behalf of Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

     4.     At least twenty (20) days prior to the evidentiary hearing, Petitioner shall file a statement entitled Pretrial Narrative Statement consisting of the following:

     (a)     A brief general statement of the case.

     (b)     A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

     (c)     A list of all exhibits to be offered into evidence at the evidentiary hearing.

     (d)     A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

     (e)     A summary of the anticipated testimony of each witness named in (d).

     5.     At least eleven (11) days prior to the evidentiary hearing, the Government shall file a Pretrial Narrative Statement complying with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** in Orlando, Florida, this 29th day of June, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 6/17
Counsel of Record